IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,521-01






EX PARTE JENNIFER KAY ROBINSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-34529 IN THE 13TH DISTRICT COURT


FROM NAVARRO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance in a drug free zone and sentenced to five years' imprisonment. She did not
appeal her conviction. 

 Applicant has alleged facts that, if true, might entitle her to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The street address in the surveyor's report is different from the street address where the
offense occurred as provided in the police report. Further, the report does not provide how the
distance was calculated or how the measurements were taken. The trial court shall determine
whether the measurement was a straight line measurement or some other type of calculation and
what tool was used to make the measurement. The report also fails to indicate whether the east
corner of the Travis School tract is the boundary line of the school closest to the offense site. The
trial court shall make findings of fact and conclusions of law as to the discrepancy in the address and
the measurement determinations in the surveyor's report. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: December 18, 2013

Do not publish